FILED

UNITED STATES COURT OF APPEALS

JAN 20 2011

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| M. R.; et al.,<br><br>   Plaintiffs - Appellants,<br><br> v.<br><br>SUSAN DREYFUS, in her professional capacity as Secretary of Washington State Department of Social and Health Services, and WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, a Department of the State of Washington,<br><br>   Defendants - Appellees. | No. 11-35026<br><br>D.C. No. 2:10-cv-02052-TSZ<br>Western District of Washington, Seattle<br><br>ORDER |

Before: B. FLETCHER, REINHARDT, and N.R. SMITH, Circuit Judges.

Appellees' motion for reconsideration/clarification and appellants' motion for sanctions are denied.


N.R. SMITH, Circuit Judge, dissenting:

I am dissenting as to the denial of appellees' motion for reconsideration. I would rescind the court's January 14, 2011 order as requested. I renew my concerns that this court lacks jurisdiction to entertain the denial of the temporary

kkc/MOATT

restraining order ("TRO") in this case. Here, the denial of the TRO was not tantamount to the denial of a motion for preliminary injunction ("PI"). The district court took the PI motion off calendar only after appellants appealed the denial of the TRO. Until that time, a PI hearing was scheduled. Thus, at the time appellants filed the notice of appeal, the denial of the TRO was not tantamount to the denial of a PI motion. *See Religious Tech. Ctr. v. Church of Scientology Int'l*, 869, F.2d 1306, 1308 (9th Cir. 1989) ("Ordinarily, an appeal does not lie from the denial of an application for a temporary restraining order; such appeals are considered premature and are disallowed '[i]n the interests of avoiding uneconomical piecemeal appellate review.'"). By granting appellants' motion for injunctive relief until the district court has had a hearing on the PI motion, we have overstepped our jurisdiction and have started down the road of piecemeal review. Because a full PI hearing is scheduled in the district court on January 28, 2011, this case does not fit the exception that we accept jurisdiction when the denial of a "[TRO] is tantamount to [the denial of] a [PI]," under *Environmental Defense Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980).

Further, we have entered into this matter when the State of Washington has not had the benefit of presenting all the evidence that it would like to present, because it did not have the opportunity to put together such evidence for the TRO

hearing and was planning to do so at the PI hearing.  This is not a case where "[a]n order denominated a TRO that possesses the qualities of a preliminary injunction is a reviewable interlocutory order."  *Service Employees Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010).  Here, appellees did not have the opportunity to "strongly challenge" the TRO and, therefore, the denial of the TRO should not be deemed the equivalent of the denial of a PI.  *See id*.

This reflects another reason for the general rule of rejecting jurisdiction over the denial of TROs.  As the Seventh Circuit has correctly pointed out: "[t]he essence of a temporary restraining order is its brevity, its ex parte character, and (related to the second element) its informality; the first element reduces the necessity for immediate appellate review and the third makes such review difficult because of the absence of a record."  *Geneva Assur. Syndicate, Inc. v. Med. Emergency  Servs. Assocs.*, 964 F.2d 599, 600 (7th Cir. 1992).

In this instance, we have conducted appellate review without an appropriate record and have been acting according to a timeline determined by appellants alone.  We have ignored the State of Washington's evidence that it cannot even accomplish what we are demanding by the date of the PI hearing.

It seems like, because we have initiated piecemeal review, we are causing one problem after another.